<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIMBERLEY STEELE, <br><br>                    Plaintiff, <br><br> v. <br><br> YAVOK SCHWARTZ, MICHAEL YOURNET, JENA SILVERMAN ESQ, JUDGE ROSALBA COLMA, <br><br>                    Defendants. | Civil Action No. 23-9348 (SDW) (AME) <br><br> **WHEREAS OPINION** <br><br> August 31, 2023 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Kimberley Steele's ("Plaintiff") Complaint and accompanying application to proceed *in forma pauperis* (D.E. 1), as well as her motion for the appointment of *pro bono* counsel (D.E. 3), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** Plaintiff's application to proceed *in forma pauperis* sufficiently demonstrates that Plaintiff cannot pay the filing fee because it states that her only income during the past year came from disability and other public assistance payments, her monthly expenses

are greater than her income, and she has no employment or assets.  (D.E. 1-2.)  *See* 28 U.S.C. § 1915(a)(1); and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6).  *See Shorter*, 12 F.4th at 371; *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020).  *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.") However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted); *see Erickson*, 551 U.S. at 93–94; *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  The factual allegations in a complaint are generally accepted as true, but legal conclusions are not.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555.  Determining whether the allegations in a complaint state a "plausible" claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; and

**WHEREAS**, although there is no right to counsel in civil cases, the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *Montgomery v. Pinchak*, 294 F.3d 492, 498–99 (3d Cir. 2002).  In determining whether to appoint counsel, a court must first assess whether a claim has "some arguable merit in fact and law." *Montgomery*, 294 F.3d at 498–99; and

**WHEREAS** Plaintiff is a resident of Roselle Park, New Jersey. (D.E. 1 at 2.)  She brings this action against her landlord, Yakov Schwartz, another tenant, Michael Yournet, an attorney, Jena Silverman, and Judge Rosalba Colma of the New Jersey Superior Court. (*Id*. at 3.)  She alleges that her landlord had four of her pets removed from her home in an unlawful manner—he did not go to court first, he illegally allowed others to enter her room to remove them and forced her to stay outside, and he used health inspectors to remove the pets even though they can only inspect for bed bugs and mold. (D.E. 1 at 4.)  Then, apparently, there were court proceedings concerning Plaintiff's pets.  Plaintiff alleges that the judge at those proceedings allowed the pets to be removed despite having proof that the landlord's witnesses gave misleading and fraudulent testimony based on hearsay, and refused to let Plaintiff's former landlord testify about permitting pets. (*Id*.)  Plaintiff alleges that her landlord, and the unidentified individuals who testified, violated the housing laws and other laws against her and her pets. (*Id*.)  She also alleges that Younet assaulted her. (*Id*. at 5.)  Plaintiff asserts that these actions violated federal law because they amounted to violations of her civil and constitutional rights, and of other unspecified court rules and laws. (*Id*. at 3.)  She also asserts that Defendants' conduct amounted to perjury, assault, slander, and libel, which are state law claims. (*Id*.); and

**WHEREAS** this Court construes Plaintiff's constitutional claims as arising under 42 U.S.C. § 1983 and constituting a Fourth Amendment claim concerning an unreasonable seizure,

and a Fourteenth Amendment claim for deprivation of property without due process of law. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that (1) she was deprived of "rights, privileges, or immunities" afforded her under the federal constitution or other federal law, and (2) "the conduct complained of was committed by a person acting under color of state law." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *see* 42 U.S.C. § 1983; and

    **WHEREAS** the Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend IV. Thus, to state a Fourth Amendment claim, a plaintiff must allege facts showing that (1) defendants actions constituted a "search" or "seizure" within the meaning of the Fourth Amendment, and (2) this search or seizure was "unreasonable." *Id.*; *see Lange v. California*, 141 S. Ct. 2011, 2017 (2021). "An action is 'reasonable' under the Fourth Amendment, regardless of the individual [defendant's] state of mind, as long as the circumstances, viewed objectively, justify the action." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) (quotation marks and alterations omitted). Personal pets are recognized as "effects" or property protected under the Fourth Amendment, and a "seizure" occurs when there is "some meaningful interference with an individual's possessory interests in that property" such as the taking or destruction of property. *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 209–10 (3d Cir. 2001) (quoting *United States v. Jacobsen,* 466 U.S. 109, 113 (1984)); *see Samolyk v. Berthe*, A.3d 108, 111 (N.J. 2022) (recognizing a dog as property); and

    **WHEREAS** the Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Due Process Clause is "flexible and calls for such procedural protections as the particular

4

situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972). While due process generally requires notice and an opportunity to be heard before the deprivation of property occurs, a pre-deprivation hearing is not always required—for example, in cases where it would be impractical or where there is "the necessity of quick action" by the state. *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 417 (3d Cir. 2008) (quotation marks omitted); *see id.* at 418–420 (holding that a town did not violate the Fourteenth Amendment when it seized property without a pre-deprivation hearing based on evidence of a potentially "substantial and immediate threat to the health and welfare" of its residents); and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a § 1983 claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated her constitutional rights. *Ashcroft*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). Plaintiff fails to allege a Fourth Amendment claim because her extremely brief and vague description of the events does not depict any of the circumstances leading to her pets being seized, so this Court cannot possibly infer that the seizure was unreasonable under the circumstances. *See Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989) ("'Seizure' alone is not enough for § 1983 liability; the seizure must be 'unreasonable.'"). For example, Plaintiff does not state whether or not pets were allowed in her building, whether she received notice that her pets would be removed, what type of pets were taken and what reasons were given by her landlord for removing them, or even where the building was located, as required to determine what housing laws applied to her housing situation. Plaintiff fails to state a procedural due process claim under the Fourteenth Amendment because—although she alleges that her landlord and local authorities took her pets

5

"without going to court first" and that there was later a hearing before a judge at which witnesses testified—she does not sufficiently describe the procedures afforded her and the surrounding circumstances, as necessary for this Court to determine whether the procedures afforded her before and after the pets were taken were unconstitutional.  *See Morrissey,* 408 U.S. at 481. *Elsmere Park Club, L.P.*, 542 F.3d at 417; and

      **WHEREAS** Plaintiff also fails to clearly allege which defendants were responsible for which alleged wrongs, as required to give them fair notice of what her claims are—for example, she does not explicitly allege any wrongdoing by Defendant Silverman, or identify who the witnesses were at the court proceedings.  *See Bell Atl. Corp.*, 550 U.S. at 555; *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("[A] civil rights complaint is adequate where it states the conduct, time, place, and persons responsible."); and

      **WHEREAS**, given that Plaintiff does not sufficiently allege a violation of her constitutional rights, she necessarily fails to state a § 1983 claim and this Court need not address at this time whether the responsible actors acted "under color of state law."  *Schneyder*, 653 F.3d at 319; and

      **WHEREAS**, given that Plaintiff has failed to state a claim arising under federal law and does not allege the diversity of citizenship required for diversity jurisdiction (D.E. 1 at 3), this Court will not exercise supplemental jurisdiction over Plaintiff's state law claims at this time. *See* 28 U.S.C. §§ 1331, 1367(a); and

      **WHEREAS** Plaintiff brings claims against at least one judicial officer, Judge Rosalba Colma, and judges generally cannot be sued.  *See Azubuko v. Royal,* 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of [her] duties has absolute immunity from suit and will not be liable for [her] judicial acts.").  A judge may only be sued for actions taken in her

capacity as a judge when she has acted "in the clear absence of all jurisdiction," and Plaintiff does not allege any facts suggesting that Judge Colma did so here. *Id*. (quotation marks omitted); therefore

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), except that Plaintiff's claims against Judge Colma and any other judicial officers are **DISMISSED WITH PREJUDICE**.  Given that Plaintiff's Complaint fails to state a claim, her motion for appointment of *pro bono* counsel is also **DENIED WITHOUT PREJUDICE**.  Plaintiff shall have thirty (30) days to file an amended Complaint.  Failure to timely file an amended complaint will result in the dismissal of this matter with prejudice.  An appropriate order follows.

                                                       /s/ Susan D. Wigenton     
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     André M. Espinosa, U.S.M.J.
        Parties