**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLEY STEELE, <br><br> Plaintiff, <br><br> v. <br><br> YAVOK SCHWARTZ, MICHAEL YOURNET, JENA SILVERMAN ESQ, JUDGE ROSALBA COLMA, <br><br> Defendants. | Civil Action No. 23-9348 (SDW) (AME) <br><br> **WHEREAS OPINION** <br><br> November 27, 2023 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Kimberley Steele's ("Plaintiff") Amended Complaint (D.E. 7) as well as her motion for the appointment of *pro bono* counsel (D.E. 8), and this Court having *sua sponte* reviewed the Amended Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a) and this Court's Opinion and Order dated August 31, 2023; and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371; *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020). *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.") However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that

"give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted); *see Erickson*, 551 U.S. at 93–94; *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555. Determining whether the allegations in a complaint state a "plausible" claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; and

  **WHEREAS** this Court in its August 31, 2023, Opinion dismissed the Complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and also denied Plaintiff's motion for appointment of *pro bono* counsel without prejudice. This Court directed Plaintiff to amend the Complaint within thirty (30) days with a warning that failure to do so would result in the dismissal of this matter with prejudice. (D.E. 4 at 7); and

  **WHEREAS** Plaintiff timely filed several exhibits labeled "Amended Complaint" and this Court having reviewed the Amended Complaint *sua sponte* determined that the exhibits are a combination of mostly illegible photocopies of court documents from a case filed in the Superior Court of New Jersey that do not cure the pleading deficiencies in the original Complaint. *Ashcroft*, 556 U.S. at 679; see Fed. R. Civ. P. 8(a)(2); see also Bell Atl. Corp., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"); and

**WHEREAS** Plaintiff has again failed to sufficiently plead which defendants were responsible for the alleged wrongs, as required to give them fair notice of what her claims are; and

**WHEREAS**, this Court has construed Plaintiff's constitutional claims as arising under 42 U.S.C. § 1983 and has determined that the Amended Complaint does not sufficiently allege a violation of her constitutional rights, and thus she fails to state a § 1983 claim; and

**WHEREAS** Plaintiff has failed to state a claim arising under federal law and does not allege the diversity of citizenship required for diversity jurisdiction (D.E. 1 at 3), this Court will not exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. §§ 1331, 1367(a); therefore

Plaintiff's Amended Complaint is *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Consequently, Plaintiff's motion for appointment of *pro bono* counsel is **DENIED** as moot.

   /s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    André M. Espinosa, U.S.M.J.
       Parties